Good morning, your honors. Jan Norman on behalf of the petitioner plaintiff Lorenzo Robinson. Petitioner Mr. Robinson contends in his opening brief that a Sixth Amendment right to represent himself was denied in the state court and therefore his petition for writ of habeas corpus on the grounds of violation of the Sixth Amendment should be granted. Counsel Judge Gould and before you go too far on this I would really appreciate it if you would tell me where in the record it indicates that a self-representation right claim was exhausted to the state Supreme Court because as I read the briefs it looked to me like it was maybe raised indirectly in the state trial court but that only the Marsden issue was raised at the Supreme Court. Is there a place in his Supreme Court petition where he says I was denied a right to represent myself? Your honor, I believe your question goes to the exhaustion petition that he filed after he'd been in federal court. Am I correct, your honor? Right. I want to know why it's exhausted. Well, in the state habeas petition he alleged, and I believe it's at the excerpt of record on page 63, he stated that in essence he said his appellate constitutional rights were violated when the trial court ignored his conflict with defense counsel. But where did he say I was denied a right to represent myself? I don't think he has to cite Feretta by name, but if he doesn't express it as a denial of a right to represent himself, how can the state court address it? Well, your honor, two ways. I mean, first of all, it was in the record even though it wasn't raised directly by the appellant. Okay, well, after being in the record, like the Supreme Court reversed me in a case where I said a state Supreme Court should have considered something in the record, like they should have read the record. But the Supreme Court said they don't have to read the whole record. It's got to be in the papers that are submitted to them. Well, your honor, the point of it being in the record is a leap to my next statement. But counsel, will you kindly answer Judge Gould's question? Where in the record of the petition for habeas corpus to the highest court of the state is there any mention of the right of self-representation as being denied Mr. Robinson? Can you give us any citation to that? To the express words self-representation? No, no, no, to the concept of self-representation. I know that his counsel in the trial court said he wants to represent himself and the trial court said that's not going to happen. But he mentioned the trial court. Judge Gould's question, and mine also, is where did he mention it to the Supreme Court of California in his petition? It's encompassed within his claim that he had a conflict with counsel. Oh, but that's also a claim that can be styled for a Morrison motion, to remove his counsel because there's a conflict and the attorney is not rendering effective assistance. The existence of conflict can surface in many different ways, but that doesn't necessarily mean that it always elicits implicitly that it's a claim of self-representation, does it? Is that your point? Well, I think in this context it does, Your Honor, because we have a pro se litigant who is trying to, from the trial court on, tell the courts that he has a conflict with his attorney. Now, he has a conflict which he wants to resolve in one of two ways, self-representation or substitution of counsel. What happens is the self-representation prong of his request is completely ignored and because he's a pro se litigant, he's not sophisticated enough to parse out the difference between a Sixth Amendment right of self-representation and a Sixth Amendment conflict with his attorney. And that's the point here. I mean, if you look at the Ninth Circuit case in Stenson v. Lambert, it says, and I quote, Under the Sixth Amendment, criminal defendants have a right to be represented by an attorney. The right to counsel has been interpreted to encompass an independent constitutional right of the accused to represent himself at trial. So what I'm arguing is that when he's raising his conflict and his Sixth Amendment claim having to do with counsel, he's not saying IAC. He's saying conflict. And that conflict encompasses both the desire to have substitute counsel and the desire or the desire to represent himself. And that's where the claim is exhausted in state court. So what you're saying is the mere mention by a pro se petitioner for habeas corpus in the state proceeding in a last reason decision that the state court gives of the existence of a conflict serves double duty. It can be a Feretta claim or it can be a Marsden claim. And that's preserved and exhausted. I'm not saying that's true in all cases. What I'm saying is in this particular case, it is true. And it is true because of the fact that he is a pro se litigant, as you mentioned, and because of the way that he phrased his claims throughout this process, from the trial court on to and including when he filed a motion for a certificate of appealability where he finally said the magic words self-representation. And the magistrate in this particular case recognized that there was at least I'm not sure whether the magistrate recognized it as an issue or why it was actually put in the report and recommendation. But in the report and recommendation, the magistrate refers to the fact that he requested to represent himself and the trial court dismissed it out of hand without any inquiry or actually changed it into a Marsden hearing, which we're not asking. Let's go to the next stage. Where in the district court did he raise self-representation? He raised self-representation in the same context, Your Honor. Again, I will admit the record does not say self-representation until he files his motion for certificate of appealability, which the Court denies. Should that be treated as a motion for reconsideration or a motion for new trial in which he mentions self-representation? I think in the context of basically an objection or a consideration of the report and recommendation, I think at that point, yes, it could be considered a motion to reconsider. I'm sorry, I misspoke. It was filed after the order had been entered. But I think it could be in this context with this particular pro se defendant appellant petitioner, it could be a motion to reconsider. And I would offer, before I totally run out of time, if the Court has some factual questions about this, then the appropriate remedy may be to remand this case to the district court to reach the question of whether or not it was exhausted in state court and whether or not it was exhausted in federal court. And I think I may have a whole minute left, so I'm going to reserve that minute. Good morning. May it please the Court, Deputy Attorney General Gleifuske for Respondent. This Court should not consider the only issue raised here by appellant for three reasons. Number one, it's uncertified. Number two, it was not raised in or addressed by the district court, as Your Honor has been talking about. And number three, again, it was never raised in or considered by the California Supreme Court, which means that it is unexhausted. Well, the district court did get at least a whiff of it in the motion for certificate of appealability, right? Well, after judgment was entered and the order was entered, then appellant brings it up and mentions it for the first time. And your position is that is an inadequate preservation of the error? Absolutely. Especially when it was never raised in or considered by the California Supreme Court. And moreover, it was never presented to the district court. Go ahead. I'm sorry. It was never raised in or presented to the district court in a way for the district court to be able to actually address the claim. Well, we have here a trial court that acted somewhat high-handedly, made aware of at least the petitioner's desire to represent himself. The trial court held not the slightest Feretta hearing at all, but said that's not going to happen here, right? Closing it off. We have an unlawed record of non-Feretta noncompliance by the trial court. We don't have to take any more evidence on that. The trial court simply wouldn't even consider the possibility of allowing the person to represent himself. Doesn't that take us a long way even on appeal? Well, I think even at this stage, looking at the record, and I don't think that the facts are really contested as to what happened in the trial court, appellant's counsel, it appears, you know, raised this issue. And it doesn't even seem like appellant was in the courtroom when the trial court said, I'm not going to consider that. The trial court then brings appellant in to conduct the Marsden hearing, gives appellant every opportunity. And this is on the day of trial, I would add, which under California law, the district, I mean, the trial court is. It goes to the merits. Are you saying that he wasn't, Mr. Robinson wasn't aware of the trial court's peremptory ruling that he wasn't even going to consider a Feretta motion and that that means that that's why he didn't raise it as part of his Marsden motion? Well, I can't speak to as to why he didn't raise it. He didn't raise it. The trial court gave him every opportunity, said, is there anything else that you care to bring up? Is there anything else? Asked several times when he was addressing him in the context of the Marsden motion. Well, if his attorney had accurately relayed to him the trial judge's statement, that ain't going to happen here, it would be useless for him to raise it. Your Honor, I don't believe that it would be useless for him to raise it. I think if that was what he wanted, then he would have stated it when the trial court was asking him, what is it that you want? And at the very least, he would have complained about it on appeal. He would have complained about it in his petition for review in the California Supreme Court. He went to the district court in a federal petition and never raised it. He was then sent back to the California Supreme Court to exhaust his claims that were unexhausted and, again, did not raise it. And when he came back to the district court to amend his petition, again, he did not raise it. He has been given ample opportunity in multiple courts and has never raised it until this court. And that's simply inappropriate. And I think that's the only issue that's raised. If the court doesn't have any further questions, I'm prepared to submit. All right. Thank you very much. Thank you. Very briefly, Your Honors, I think that the way to go about this is to look at the trial court. The attorney comes in, says he doesn't want me anymore. The judge says, no way, we're not doing that. The defendant is then brought in. We don't know what the attorney said to the defendant. They have a Morrison hearing. Well, we don't know because the defendant, the petitioner, hasn't told us and hasn't made a claim that he was told that he couldn't represent himself, and that's why he didn't raise it, and that that was error. And he has a forerunner right. He didn't raise that in the California appellate courts. But he didn't raise it because when he came back into the courtroom, the judge conducted a Morrison hearing and said, you don't have a conflict with your counsel. He's not told, you can't represent yourself because of that. Well, you're saying two different things. You're saying counsel told him, the judge won't allow you to represent yourself, so we've got to argue Morrison-Nonferretta. And now you're saying just the opposite. No, Your Honor, I'm sorry if I misspoke. What I'm saying is what the record shows is he asked to his counsel asked that he be represented by himself. The judge says no. Defendant comes in. The judge arbitrarily decides that this is a Morrison motion. The defense attorney doesn't say it's a Morrison motion. The judge makes that determination. He brings a defendant in. He says, we're going to have a Morrison hearing. Now, again, this is a guy that's pro se. And he goes through a Morrison hearing. At the end, he says to the defendant that, you know, I don't see sufficient conflict, he's representing you. So from this point on, we have a pro se litigant who is saying, my problem is I had a conflict with my attorney. He says that in appellate courts. He says that in the district court. He says it in the California Supreme Court. And he says it when he comes back to the district court. Because in his mind, as a pro se litigant, because of the way the trial court approached this, he sees it as a conflict with counsel. And that conflict should either go one way or another. But, frankly, there's nothing in the record to indicate he even asked for a Morrison hearing. It's just that the judge said, okay, hey, I don't want to deal with this man. Now, what I remember in his papers, he mentioned Morrison by name, didn't he? Yes, because at this point, you know, he has at least done enough of his own research to realize that if he wanted other counsel, it's a Morrison hearing. But he doesn't understand the sophistication of the dichotomy between a Morrison and a Faretta claim. But did he want other counsel? Go ahead. Did he want other counsel? There's no suggestion on the record that at the trial court level he asked for other counsel. When he gets into his own state habeas, that he's doing himself, he says, I wanted another attorney because I had a conflict with the one I had. So he didn't want to represent himself. My argument, Your Honor, is that he wanted one or the other. And that the two are encompassed in the concept of a conflict. And the two are encompassed within the Sixth Amendment right. And it wasn't that he wanted one and not the other. You're saying he wanted another counsel, but he wasn't going to get it, he wanted to represent himself? No, I'm not saying that, Your Honor. I'm saying that he originally asked to represent himself. The court said, you're going to have this attorney because there's not an irreconcilable difference. It was not an equivocal request. And there was no inquiry by the court, as the trial court, as the court has noticed. So it's, I admit, Your Honor, this is a pro se litigant. It's difficult when you have someone like this to understand what they are saying. But this court has repeatedly said, and the United States Supreme Court has said, when you have a pro se litigant, you know, you do not, I think the phrase is something like, you don't use exhaustion as a trap to bar pro se litigants from reaching the Federal courts. Thank you very much. The case of Robinson v. Kramer will be submitted. Thank you, counsel, for your argument.
judges: Molloy, Gould, Bea